IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS R. AGUIRRE,

              Plaintiff,                         No. 2:12-cv-2165 KJN P

    vs.

COUNTY OF SACRAMENTO, et al.,

              Defendants.                <u>ORDER</u>

_____/

        Plaintiff is a prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Plaintiff challenges the policies of the Sacramento Jail for transporting protective custody prisoners.

        Plaintiff and defendants Andris, Cooper, Martinez and Oania consented to proceed before the undersigned for all purposes.  <u>See</u> 28 U.S.C. § 636(c).  Defendants County of Sacramento, Jones, Place, and Kinder appeared on January 22, 2013, but have not filed a consent form.  Accordingly, the Clerk of the Court is directed to assign a district judge to this action.

        Plaintiff requests that the court appoint counsel.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  <u>See</u> 28 U.S.C. § 1915(e)(1); <u>Terrell v.</u>

1

Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Plaintiff seeks reconsideration of the court's October 17, 2012 order denying his motion for class certification.  On December 14, 2012, plaintiff filed a second motion for class certification.  On January 9, 2013, the court denied this motion.  Both motions were denied on grounds that plaintiff is a non-lawyer proceeding without counsel.  In the pending motion, plaintiff appears to argue that if counsel were appointed, class certification would be appropriate.

Because appointment of counsel is not warranted, plaintiff's motion for reconsideration of the previous order denying his motion for class certification is denied.  See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (pro se prisoner plaintiffs are unable to fairly represent and adequately protect interests of the class).

Moreover, the record does not demonstrate that class certification is warranted at this time.  Rule 23(a) of the Federal Rules of Civil Procedure sets forth the prerequisites for class actions.  Rule 23(b) sets forth the types of class actions which may be maintained.  In the pending motion for reconsideration, plaintiff argues that this action satisfies the requirements of Rules 23(a) and (b) and that counsel should be appointed.

Rule 23(a) provides that:

> One or more members of a class may sue or be sued as
> representative parties on behalf of all members only if:
>
> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical
> of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the
> interests of the class.

Fed. R. Civ. P. 23(a).

Plaintiff proposes that the class be comprised of all protective custody inmates at the Sacramento County Jail. However, the record does not demonstrate that the proposed class is so numerous that joinder of all members is impracticable. In addition, the record does not demonstrate that questions of law and fact are common to all members of the proposed class. The record also does not demonstrate that the claims of the only identified representative party, i.e., plaintiff, are typical of the claims of the class.

Plaintiff has also not demonstrated that class certification is appropriate pursuant to Rule 23(b). For example, plaintiff has not shown that prosecuting separate actions by individual class members would create a risk of inconsistent adjudications that would establish incompatible standards of conduct for defendants. Fed. R. Civ. P. 23(b)(1).

For the reasons discussed above, plaintiff's motion for reconsideration of the order denying his motion for class certification is denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case;

2. Plaintiff's January 14, 2013 motion for the appointment of counsel (Dkt No. 26) is denied without prejudice; and

////

     3.  Plaintiff's motion for reconsideration (Dkt. No. 25) is denied.

DATED:  March 4, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

agui2165.31+